IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:19-CR-99** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **JASEAN DESHIELDS,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Defendant Jasean Deshields moves the court pursuant to Federal Rule of Evidence 609(a)(1) to exclude evidence of certain prior convictions at his upcoming jury trial. We will defer ruling on Deshields' motion because we presently lack sufficient information to assess admissibility under Rule 609.

**I.      Factual Background & Procedural History**

The indictment in this case charges Deshields with two counts of possession with intent to distribute controlled substances, and aiding and abetting same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 1 and 4); two counts of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 2 and 5); and two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts 3 and 6). Deshields pled not guilty to the indictment.

Trial is set to commence with jury selection on September 20, 2021. Deshields moves the court to exclude evidence of his prior convictions at trial should he choose to testify. The government opposes Deshields' motion. Deshields

did not file a reply brief by the deadline, (see Doc. 81 ¶ 14(c)), so his motion is now ripe for disposition.

## II. Discussion

Under Federal Rule of Evidence 609, evidence of a criminal defendant's prior felony conviction "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." See FED. R. EVID. 609(a)(1)(B). Admission of a prior felony "is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" Walden v. Ga.-Pac. Corp., 126 F.3d 506, 523 (3d Cir. 1997) (citing Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993)). The government bears the burden of proving admissibility under subsection (a)(1)(B). Virgin Islands v. Bedford, 671 F.2d 758, 761 (3d Cir. 1982) (citations omitted). To determine the prior conviction's admissibility, district courts consider four factors: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." United States v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014) (quoting Bedford, 671 F.2d at 761 n.4) (alteration in original).

Deshields contends none of his prior convictions are admissible under Rule 609(a)(1)(B) to impeach him should he decide to testify at trial.[1] In its response to Deshields' motion, the government identifies three 2012 convictions it believes are potentially admissible as impeachment evidence against Deshields: (1) a conviction for possession with intent to deliver a controlled substance (cocaine); (2) a conviction for recklessly endangering another person; and (3) a conviction for fleeing and eluding police.[2]  (See Doc. 88 at 3, 4).  We address these convictions through the prism of the four Caldwell factors below.

---

[1] Deshields also contends the prior convictions are inadmissible under Rule 403.  (See Doc. 83 at 5-6).  Because Rule 609(a)(1)(B) "reflects a heightened balancing test and a reversal of the standard for admission under Rule 403," we analyze the instant motion under Rule 609 rather than Rule 403.  See Caldwell, 760 F.3d at 286.  Even if Rule 403 were to apply, our court of appeals has cautioned that such objections should rarely be sustained before trial without the benefit of a developed record.  See, e.g., *In re* Paoli R.R. Yard PCB Litig., 916 F.2d 829, 859-60 (3d Cir. 1990).

[2] The government also notes two other felony convictions for which Deshields was sentenced in 2009: a conviction for possession with intent to deliver a controlled substance, and a conviction for distribution of a controlled substance (cocaine).  (See Doc. 88 at 3).  The government concedes these two convictions likely fall outside the 10-year lookback window of Rule 609(a)(1)(B) and would instead be subject to the heightened standard for admissibility under Rule 609(b).  (See id. at 3 n.1).  Under Rule 609(b), prior convictions for which more than 10 years have passed since the defendant's conviction or release from confinement, whichever is later, are presumptively inadmissible unless the government provides advanced notice of its intent to use the conviction and the court finds that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."  See FED. R. EVID. 609(b). We agree with the government that any determination whether the 2009 convictions meet this heightened standard must await development of the record at trial.

Under the first factor, we consider not only the "impeachment value of the prior conviction," but also "its similarity to the charged crime." Caldwell, 760 F.3d at 286. A prior conviction with high impeachment value—that is, one that is "probative . . . to the witness's character for truthfulness"—tilts in favor of admission. See id. A prior conviction for a similar offense, *per contra*, is more likely to be excluded, because admission of such evidence "often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him." Id.; see also United States v. Hans, 738 F.2d 88, 94 (3d Cir. 1984). Our court of appeals has noted with approval "[t]he generally accepted view . . . that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all." See Caldwell, 760 F.3d at 286-87 (quoting United States v. Sanders, 964 F.2d 295, 297-98 (4th Cir. 1992)).

This factor favors exclusion of all three prior convictions. Turning first to Deshields' prior drug-trafficking offense, we are unpersuaded by the government's assertion that all such crimes necessarily have high impeachment value given the secretive nature of the drug trade writ large. (See Doc. 88 at 6-7); see also United States v. Parker, No. 1:19-CR-227, 2020 WL 6384730, at *2 (M.D. Pa. Oct. 30, 2020) (Conner, J.). But even if we agreed with the government, the fact remains that Deshields' prior conviction for possession with intent to deliver cocaine is nearly identical to two of the six charges pending against him in this case. Cf. Caldwell, 760 F.3d at 286-87; (see Doc. 1 at 1 (possession with intent to distribute cocaine); id. at 4 (possession with intent to distribute cocaine, cocaine base, and oxycodone)). The risk of prejudice if we were to admit such evidence is significant: even with a limiting instruction, there is a high likelihood a jury would infer from the past conviction at

4

least "some probability" that Deshields committed the similar offenses charged in this case.  See Caldwell, 760 F.3d at 286 (quoting Sanders, 964 F.2d at 297-98).

      Deshields' prior convictions for recklessly endangering another person and for fleeing and eluding police are different from the instant charges and thus not *as* prejudicial in that respect.  But the government's attempt to establish impeachment value for these convictions is a stretch that we decline to countenance.  It claims the act of fleeing and eluding police necessarily "demonstrat[es] an intent to obstruct the proper enforcement of laws" and a "prior history of actively trying to avoid the proper enforcement of laws," and thus "speaks to how a jury [will] resolve" credibility disputes between Deshields and the government's witnesses.  (See Doc. 88 at 5-6).  It further asserts that the act of recklessly endangering another person, which occurred during the act of fleeing and eluding, similarly "demonstrates [Deshields'] willingness to go to dangerous, criminal lengths to obstruct law enforcement."  (See id. at 9).  The government has not identified any authority holding that either type of offense goes to one's "character for truthfulness."  Cf. Caldwell, 760 F.3d at 286.  Nor has it shown these offenses, by either their nature or their specific circumstances, "imply some dishonesty."  Cf. id.  We thus find that the first factor weighs against admitting all three prior convictions.

      The second factor—temporal proximity—also weighs against admissibility.  Convictions more than 10 years old are presumed to be inadmissible unless they meet the heightened balancing requirements of Rule 609(b).  Id. at 287.  For those convictions within the 10-year window, temporal considerations favor admission when the prior conviction occurred recently enough to retain its probative value.

5

See Sharif v. Picone, 740 F.3d 263, 273 (3d Cir. 2014) (citing United States v. Greenidge, 495 F.3d 85, 97 (3d Cir. 2007)). Four years, for example, is not "remote in time," see Greenidge, 495 F.3d at 93, 95, 97, but at six years out, probative value begins to diminish, see Caldwell, 760 F.3d at 289. A remote conviction may retain probative value, however, if a defendant's term of incarceration just ended or if the defendant "has multiple intervening convictions." See id. at 287.

The government notes Deshields' prior convictions fall within the Rule 609(a)(1)(B) lookback window since the convictions occurred within the past 10 years, (see Doc. 88 at 5), but it does not otherwise respond to Deshields' argument that the conduct underlying the convictions is too remote in time to supply probative value, (see Doc. 83 at 5). We agree with Deshields. The state-court records submitted by the government reveal that the conduct underlying the 2012 convictions occurred on July 31, 2011, and September 6, 2011, predating Deshields' anticipated trial testimony by more than a decade. (See Doc. 89-2 at 2; Doc. 89-3 at 2). Any probative value these convictions may have once offered has been thoroughly depleted by their age, and the government has not alleged any intervening circumstances that might resurrect their value. Cf. Caldwell, 760 F.3d at 287. Accordingly, based on the information presented to the court, this factor favors exclusion.

Under the third factor, courts inquire into "the importance of the defendant's testimony to his defense at trial." See id. If the court believes the defendant "must testify to refute strong prosecution evidence," this factor weighs against admission. See id. (quoting GLENN WEISSENBERGER & JAMES J. DUANE, WEISSENBERGER'S FEDERAL EVIDENCE § 609.2 (4th ed. 2001)). But if a defendant's

6

testimony has the support of other witnesses or evidence, it becomes less critical, and this factor weighs in favor of admission. See id. at 288 (quoting 5 JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 609.05[3][e] (2d ed. 2011)). Finally, under the fourth factor, courts consider whether a defendant's credibility is vital to his defense. If the defendant's "credibility is a central issue," this factor favors admission. See id. (quoting WEINSTEIN & BERGER, *supra*, § 609.05[3][f]). But if a defendant's testimony consists of less important or duplicative information, this factor counsels against admission.[3] See id.

We do not have enough information at this time to conclusively resolve the third and fourth factors in favor of either party. Deshields asserts his testimony and credibility will be "of great significance" at trial, and he maintains that his "need to testify . . . carries more weight than the significance of his credibility." (See Doc. 83 at 5). The government rests almost exclusively on the fourth factor, rejoining that because Deshields' testimony (and thus his credibility) will be central to the case, any evidence that informs his credibility—no matter how attenuated—ought to be considered by the jury. (See Doc. 88 at 5-9). Critically, however, the centrality of a defendant's credibility "is not enough" to support admission of prior convictions "where all other[ factors] favor exclusion." See Caldwell, 760 F.3d at 288. In any

---

[3] As our court of appeals has acknowledged, there is "tension between the related third and fourth factors." Caldwell, 760 F.3d at 288 n.15. They appear to "cancel each other out." See id. (quoting ROGER PARK & TOM LININGER, THE NEW WIGMORE: IMPEACHMENT AND REHABILITATION § 3.4.4.1.1.4 (2012)). Regardless of that tension, we are bound by Caldwell's conclusion that these "independent components of the Rule 609(a)(1) balancing inquiry . . . should continue to inform the district court's admissibility determination." Id.

7

event, without a developed trial record or an understanding of what Deshields will testify to and how central (or not) that testimony will be, we cannot determine whether the final two factors support admission of his prior convictions.

## IV.     Conclusion

For the reasons stated above, the court will defer ruling on Deshields' motion (Doc. 82) *in limine* to exclude his prior convictions.  We will revisit the admissibility of these convictions at the close of the government's case in chief, if Deshields elects to testify.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 14, 2021